UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ROBERT DALE ALEXANDER,

        Plaintiff,        2:15-cv-2179-CL

        v.        ORDER

COLETTE PETERS, et al.,

        Defendants.

CLARKE, Magistrate Judge.

    Plaintiff has filed motions to Disqualify Judge Papak (#3)and to Disqualify Judge Simon (#5).

    Two federal statutes govern recusal, 28 U.S.C. § 144 and 28 U.S.C. § 455. The standard for recusal under either section is the same: "Whether a reasonable person with knowledge of all the facts would conclude that the judge's partiality might be questioned." Taylor v. Regents of the University of California, 993 F.2d 710, 712 (9th Cir. 1993). To warrant recusal, judicial bias must stem form an

1 - ORDER

extrajudicial source. Id. "A judge's prior adverse ruling is not a sufficient cause for recusal. Id., citing United States v. Studly, 783 F.2d 934, 939 (9th Cir. 1986).

Plaintiff has not alleged any facts that would suggest that Judges Papak or Simon might have a bias stemming from an extra-judicial source or that their partiality might be questioned. Moreover, there is nothing in the record to suggest that either judge has been or will be assigned to any matter in this case.

Accordingly, plaintiff's motions (#3) and (#5) are denied.

Plaintiff's motions for preliminary injunction (#14) and motion to stay dispositive motions (#16) are denied as premature. Plaintiff may seek reconsideration after the defendants have appeared or filed a responsive pleading.

There is no constitutional right to counsel in a civil case. United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir. 1986). Pursuant to 28 U.S.C. § 1915(d), this court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances, but the court has no power to make a mandatory appointment. Mallard v. U.S. Dist. Court of Iowa, 490 U.S. 296, 301-08 (1989).

I find that at this stage of the proceeding, there are no exceptional circumstances that require a request for

2 - ORDER

volunteer of counsel under § 1915(d).

Accordingly, plaintiff's Motion for appointment of counsel (#20) is denied.

DATED this ___ day of February, 2016.

                                           Mark D. Clarke
                                           United States Magistrate Judge

3 - ORDER